# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SOUTHERN CHRISTIAN LEADERSHIP CONFERENCE<br>THE STATE OF OHIO<br>SYLVIA SPIKES<br>TISHANI TERRELL<br>TWYETTE TERRELL | )<br>)<br>)<br>)<br>) | Case No. 1:07CV3751 |
| Plaintiffs,<br>-vs- | )<br>) | |
| | ) | **CONSENT ORDER** |
| MICHAEL McDONALD<br>LAURA McDONALD<br>GREGORY McDONALD | )<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

KATHLEEN M. O'MALLEY, J.:

On December 10, 2007, The Southern Christian Leadership Counsel ("SCLC"), a civil rights organization, the State of Ohio, and Sylvia Spikes, Tishani Terrell and Twynette Terrell, (the latter three collectively referred to as "the Spikes

1

family"), African-American citizens of the United States, initiated this action pursuant to the anti-intimidation sections of the Fair Housing Act, Sections 804 and 818 of Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3604 and 3617. The defendants are Michael McDonald and Laura and Gregory McDonald.

The complaint alleges that the defendant, Michael McDonald, intimidated, coerced and otherwise made equal housing opportunities unavailable on account of race to the Spikes family on or about August 26, 2004 by placing a box containing objects and messages, including the letters "KKK" inscribed in large letter on the exterior of the box, exhibiting intolerance of African-Americans at the doorstep of 6147 Magnolia Drive, Mentor, Ohio. Under § 2307.70 of the Ohio Revised Code, Laura and Gregory McDonald, as parents, are responsible for the actions of Michael McDonald, a minor.

It is agreed that such actions by the defendant, Michael McDonald, would contravene the mandate of Title VIII. *Cf. Town of Huntington* v. *Huntington Branch, NAACP*, 488 U.S. 15, 18 (1989).

Through the diligence of the parties and their counsel, this Consent Order is being entered. The defendant, Michael McDonald, admits that he has engaged in the anti-intimidation sections of the Federal Fair Housing Act on account of race.

All parties have indicated a desire to resolve their dispute at this stage and do so by Consent Order which, upon compliance with the following terms, resolves this litigation.

I. **CONSIDERATION**

The parties recognize that the best interests of the parties, the Court and the public at large are served by just resolution of controversies. They further recognize that litigation may be expensive and protracted and have been counseled by their attorneys in order to achieve resolution of this matter. The parties acknowledge the sufficiency and adequacy of this and the additional consideration set forth in this Consent Order, particularly that fair housing is the policy of the United States.

The Ohio Civil Rights Commission has issued four administrative complaints alleging the conduct of the defendants violated the Ohio Laws Against Discrimination,

Ohio Revised Code § 4112.02(H), and identified as *Southern Christian Leadership Conf.* v. *Michael, Laura & Gregory McDonald*, Complaint No. 10048; *Sylvia Spikes, et al.* v. *Michael, Laura & Gregory McDonald*, Amended Complaint No. 10049; *Twynette Terrell et al.* v. *Michael, Laura & Gregory McDonald*, Amended Complaint No. 10050; and *Tishani Terrell v. Michael, Laura & Gregory McDonald*, Complaint No. 10051.

Defendant Michael McDonald acknowledges that he has violated the Fair Housing Act, but defendants Laura and Gregory McDonald acknowledge that they are liable for Michael's action pursuant to Ohio Revised Code § 2307.70. All parties acknowledge that they did not intend to violate the Fair Housing Act. Defendants admit that they are responsible for compliance with the Fair Housing Act because compliance is nondelegable. *Marr* v. *Rife*, 503 F. 2d 735 (6th Cir. 1974); *Heights Community Congress* v. *Hilltop Realty, Inc.*, 774 F. 2d 136 (6th Cir. 1983), *cert. denied*, 475 U.S. 1019 (1985).

An unbroken line of authority confirms the obligation of the district court to fashion affirmative equitable relief calculated to eliminate as far as possible the discriminatory

...

effects of violations of the Fair Housing Act. *United States* v. *City of Parma*, 661 F. 2d 562, 576 (6th Cir. 1981*), cert. denied*, 456 U.S. 926 (1982); *Park View Heights Corp.* v. *City of Black Jack*, 605 F. 2d 1033, 1035 (8th Cir. 1979), *cert. denied*, 445 U.S. 905 (1980). The affirmative aspects of this Consent Order are, therefore, consistent with this responsibility.

## II. TERMS OF THE CONSENT ORDER

### A. PERMANENT INJUNCTION

Defendants, their agents, employees and all persons acting in concert with them, shall be permanently enjoined from engaging in any act or conduct which has the purpose of effect of the following:

> To coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of the foregoing rights, or on account of his or her having exercised or enjoyed such rights.

### B. WITHDRAWAL OF OCRC CHARGES

Plaintiffs, acknowledging the terms of this Consent Decree provide remedies sufficient to resolve the complaints pending before the Ohio Civil Rights

Commission, shall sign Withdrawal of Charge forms to be referred to the Ohio Civil Rights Commission for approval.

## C. APOLOGY

Within ten (10) days of execution of this Consent Order, defendant, Michael McDonald, will extend to the SCLC, on behalf of itself and the Spikes family, a letter containing an expression of apology and regret for racial intolerance. The letter shall be addressed to the Clerk of Court, United States District Court for the Northern District of Ohio, Carl B. Stokes U.S. Courthouse, 801 West Superior Avenue, Cleveland, Ohio 44113 and bear the case number of this matter for filing, copies of which shall be provided to all counsel.

## D. REMEDY

In addition to the rights and responsibilities set forth herein, the SCLC and Spikes family agree to accept and defendants agree to pay the following:

> (1) the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000) payable to the Southern Christian Leadership Council on behalf of SCLC and the Spikes family; and

6

  (2) the sum of TWENTY EIGHT THOUSAND FIVE HUNDRED DOLLARS ($28,500), as a statutory reasonable attorney fee based on fifty seven hours of legal assistance and a reasonable hourly rate of five hundred dollars ($500.00) payable to Avery Friedman, attorney for the SCLC and Spikes family.

Except as hereinbefore reserved, the foregoing shall be inclusive of any and all claims for relief provided by and through this Court or by and through any other court or agencies, including, but not limited to, the United States Department of Housing & Urban Development (HUD), the United States Department of Justice and the Ohio Civil Rights Commission, and for any other claims, causes of action, actions, debt, allegation, assertion of whatever nature, type and kind, either known or unknown, on behalf of the plaintiff, its assigns, executors, beneficiaries, employees, agents, predecessors-in-interest, successors-in-interest against the defendants, or any of them, their heirs, assigns, executors, beneficiaries, employees, agents, predecessors-in-interests, successors-in-interest or spouses from the beginning of time

up to these presents. The foregoing constitutes an express waiver and release of rights, including the right to seek relief from judgment and the right to appeal, and shall be a comprehensive waiver of rights and defined herein, except for those expressly reserved herein.

It is expressly understood that each of the parties have read the foregoing, have been represented by counsel of their choice, have had the opportunity to review each and every provision of this Consent Order, understand the substance of the inclusions and voluntarily agree to the foregoing.

### III. DISMISSAL OF COMPLAINT UPON COMPLIANCE

Upon compliance with the foregoing, and except for continuing jurisdiction to enforce the provisions of this Consent Order, the complaint shall otherwise be dismissed with prejudice costs to be borne by defendants.

### IV. MISCELLANY

The parties have read the foregoing and have been advised by counsel as to the letter and meaning of the provisions of this Consent Order. They execute this Consent Order upon no other inducement, promise or representation

other than that those expressly set forth herein and are under no disability, limitation or handicap in signing freely and knowingly. The parties reaffirm their understanding of the value of the foregoing consideration in expeditious resolution of this controversy, the avoidance of the time, expense and protraction of such litigation, the potential exposure in the event liability is established and the value of the foregoing resolution to the parties, the Court and to the public in general.

SOUTHERN CHRISTIAN LEADERSHIP COUNSEL

_____
By: E. THEOPHILOUS CAVINESS
President, Cleveland Branch, SCLC


THE STATE OF OHIO

_____
By:
Title: Principal Assistant Attorney General

_____
SILVIA SPIKES

_____
TISHANI TERRELL

_____
TWYNETTE TERRELL

                                                Plaintiffs

_____
MICHAEL McDONALD

_____
LAURA McDONALD

_____
GREGORY McDONALD

                                            **Defendants**

**APPROVED:**

_____
AVERY FRIEDMAN (0006103)
THE FAIR HOUSING COUNCIL
OF NORTHEAST OHIO
850 Euclid Avenue, Suite 705
Cleveland, OH 44114
(216) 241-FAIR
averyfriedman@fairhousingtraining.com

Attorney for Plaintiffs Southern
Christian Leadership Conference,
Sylvia Spikes, Tishani Terrell and
Twynette Terrell

_____
MARK A. ZICCARELLI (0016034)
GIBSON, ZICCARELLI &
MARTELLO
8754 Mentor Avenue
Mentor, OH 44060
(440) 255-0500
gzm@gzm-law.com

Attorney for Defendants


MARC DANN, Attorney General

_____
By: Marilyn Tobocman
Principal Assistant Attorney General
615 West Superior Avenue, 11th Floor
Cleveland, OH  44113
(216) 787-3030

Attorney for Plaintiff Ohio
Civil Rights Commission


**IT IS SO ORDERED.**

_____
Kathleen M. O'Malley
UNITED STATES DISTRICT JUDGE

ENTERED this _10th_ day of December, 2007.